Dane W. Anderson (SBN 6883)
**WOODBURN AND WEDGE**
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: 775-688-3000
Fax: 775-688-3088
Email: danderson@woodburnandwedge.com

*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NO. 8 MINE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>THE ELJEN GROUP, LLC, ELVEN JENNINGS, JACK ELKINS, FRANK LENTE and STEVE HARPER,<br><br>Defendants.<br>_____<br><br>THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE and STEVE HARPER,<br><br>Counterclaimants,<br><br>v.<br><br>NO. 8 MINE, LLC and DAVID TACKETT,<br><br>Counterdefendants. | Case No.: 3:18-cv-00104-MMD-WGC<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("*Federal Rules*") and on the Stipulation by and among plaintiff/counterdefendants, NO. 8 MINE, LLC ("*Plaintiff*"), defendants/counterplaintiffs The Eljen Group, LLC, Elven E. Jennings, Jack Elkins, Frank Lente, and Steve Harper (collectively "*Defendants*"), David Tackett, ("*Counterdefendant*"), and non-party TD Bank, N.A. ("*TD Bank*") (collectively, "*Parties*" or individually "*Party*") it is hereby **ORDERED** that the provisions of this Stipulated Protective Order ("*Order*") shall apply as follows:

1.    **Confidential Documents.**  Certain documents produced or information provided by any Party during the course of this action shall be designated and deemed confidential (collectively "*Confidential Documents*") and shall not be disclosed by any Party or any Party's representatives or attorneys except as provided by this Order.  For this Order, "documents" is defined by Rule 34 of the Federal Rules and includes any and all "books, papers and other things."

2.    **Designation.**  The "Confidential Documents" shall be designated with a "CONFIDENTIAL" stamp at the top or bottom of such documents or other document containing information from confidential documents.  Documents that may be deemed confidential, include, among others:

      1.    Non-public financial statements, bank account statements, loan files, levies, restraints, garnishments or other confidential financial information;

      2.    Documents protected by federal or state privacy law, including the Gramm-Leach-Bliley Act;

      3.    Internal documents and communications concerning this case, including any investigative file;

      4.    Internal documents and communications concerning any of its trade secrets, business methods, policies and procedures, including training manuals, emails and other electronically stored data, memoranda, announcements; and

      5.    Other documents which the Parties mutually agree are confidential.

3.    **Court Determination of Disagreements**.  The Parties shall meet, confer and use good faith efforts to resolve disagreements on confidentiality designations.  If the Parties are unable to agree to the confidentiality of such documents, then the Parties will seek a determination from the Court.

4.    **Non-Waiver.**  The production of documents pursuant to this Order shall not constitute a waiver of any evidentiary or discovery privilege or of any confidentiality, trade secret or other privilege.

5.    **Scope of Use**.  Confidential Documents and the information contained in them ("*Confidential Information*") shall be used by the Party receiving them only for the purpose of this action and may be disclosed for such purpose only to attorneys (which includes in-house counsel) for the Parties, such attorneys' secretarial, paralegal and clerical employees, experts and/or

consultants retained to assist such; the Court and all persons assisting the Court in this action; court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof; and independent support services personnel for the attorneys for the parties, providing services such as copying services, imaging and coding services, exhibit preparation services, solely for the purpose of assisting a party in this legal action. If Confidential Information is disclosed to any person in copies, summaries, paraphrases or other compilations of the Confidential Information in the Confidential Documents, or if a person receiving Confidential Information creates any other document from which the Confidential Information could be derived, then the Confidential Information in those copies, summaries, compilations or other documents shall remain confidential and subject to this Order.

6. **Expert Disclosures.** Any expert and/or consultant, third-party witnesses, and court reporter to whom the Parties provides access to the Confidential Documents or Confidential Information shall, before receipt, be given a copy of this Order and sign a certification that he or she has read it, understands its terms and agrees to be bound by it. Such certification is attached as **Exhibit "A."**

7. **Nondisclosure.** Any person permitted access to the Confidential Documents or Confidential Information pursuant to this Order shall not disclose the Confidential Documents or Confidential Information to any person other than as permitted in this Order.

8. **Sealed Filings and Discovery.** The Confidential Documents and Confidential Information may only be filed under seal or used as stated in paragraph 10 of this Order, including (a) in exhibits to affidavits, or (b) discovery requests or discovery responses (such as interrogatories, answers to interrogatories, document requests, responses to document requests, requests for admission, responses to requests for admission), or (c) pleading, motion or opposition or response, or any other document or filing of any type or (d) at any deposition, hearing, oral argument or trial in this action.

9. **Return or Destruction.** On the final, non-appealable determination of this action, whether by judgment, settlement or otherwise, all Confidential Documents and Confidential Information, and all copies of them, shall, at the election of the producing Party, be either returned

| | |
|---|---|
| 1 | to the respective Parties who produced the Confidential Documents or destroyed with a certification |
| 2 | of destruction from all recipients. |
| 3 | 10. **Notice on Sealed Filings.** Any Confidential Documents or Confidential Information |
| 4 | shall be submitted to the Court in a sealed envelope or other appropriate sealed container marked on |
| 5 | the outside with the title of the action, and a statement substantially in the following form: |

**Notice of Confidential Information within Court Filing**
This document is subject to a STIPULATED PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order.

11. **Further Orders**. Nothing in this Order shall prevent any of the Parties from applying to the Court for further or additional protective orders.

12. **Survival.** This Order shall survive the final, non-appealable determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings in this action in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance with it. For the purposes of this Order, scanned or facsimile signatures shall be deemed original.

///
///
///
///
///
///
///
///
///
///
///
///
///

IN WITNESS WHEREOF, the Parties hereto have caused this Order to be executed by their duly authorized representatives.

DATED this 27th of August, 2018.

DATED this 27th of August, 2018.

FAHRENDORF, VILORIA,
OLIPHANT & OSTER

DUANE MORRIS LLP

By:  /s/ Jeremy B. Clarke
Jeremy B. Clarke, Esq.
Attorneys for
Plaintiff/Counterdefendants

By:  /s/ Tyson E. Hafen
Tyson E. Hafen, Esq.
Attorneys for No-Party TD Bank N.A.

DATED this 27th of August, 2018.

DATED this 27th of August, 2018.

SMIDT, REIST & KELEHER, P.C.

WOODBURN AND WEDGE

By:  /s/ Michael Layne Carrico
Michael Layne Carrico, Esq.
Defendants/Counterplaintiffs

By:  /s/ Dane W. Anderson
Dane W. Anderson, Esq.
Attorneys for
Defendants/Counterplaintiffs

## ORDER

Paragraphs 8 and 10 are modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also, Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 12 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED.**

DATED:  August 28, 2018.

William G. Cobb
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT INDEX TO STIPULATED PROTECTIVE ORDER

| Exhibit No. | Description | No. of Pages * |
|---|---|---|
| 1 | Declaration | 1 |

* Number of Pages Does **Not** include the divider page marking the exhibit.

**Exhibit A**

| | |
|---|---|
| NO. 8 MINE, LLC, | Case No.: 3:18-cv-00104-MMD-WGC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| THE ELJEN GROUP, LLC, ELVEN JENNINGS, JACK ELKINS, FRANK LENTE and STEVE HARPER, | |
| Defendants. | |
| THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE and STEVE HARPER, | |
| Counterclaimants, | |
| v. | |
| NO. 8 MINE, LLC and DAVID TACKETT, | |
| Counterdefendants. | |

## DECLARATION

I certify that I have read the Stipulated Protective Order that has been entered in this action and a copy of it has been given to me. I understand the provisions of the Stipulated Protective Order and I agree to comply with and to be bound by its provisions.

_____

[Print Name]

_____

[Print Address]

Dated: _____