# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NO. 8 MINE, LLC, | Case No.: 3:18-cv-00104-WGC |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE, AND STEVE HARPER, | |
| Defendants. | |
| THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE, AND STEVE HARPER, | |
| Counter-Plaintiffs, | |
| v. | |
| NO. 8 MINE, LLC, | |
| Counter-Defendant. | |
| THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE, AND STEVE HARPER, | |
| Third Party Plaintiffs, | |
| v. | |
| DAVID TACKETT, ARGENT ASSET GROUP, LLC, and ROBERT HIGGINS, | |
| Third Party Defendants. | |

On February 26, 2019, defendants/counter-plaintiffs/third-party plaintiffs The Eljen Group, LLC, Elven E. Jennings, Jack Elkins, Franke Lente, and Steve Harper (collectively, Eljen)

filed a motion for preliminary injunction. (ECF Nos. 69, 69-1 to 69-20.) Eljen asks the court to enter a preliminary injunction that maintains the status quo by prohibiting the dispossession of No. 8 turquoise and bars of silver currently in the possession of plaintiff/counter-defendant No. 8 Mine, LLC (No. 8 Mine) and third-party defendant David Tackett (Tackett).

## I. BACKGROUND

Prior to the filing of the motion for preliminary injunction, on February 4, 2019, the court granted No. 8 Mine's and Tackett's counsel's motion to withdraw. (ECF Nos. 63, 64, 65, 67, 68.) The court set a status conference for March 6, 2019, to address whether Mr. Tackett would proceed pro se or whether he and/or No. 8 Mine (which may not proceed pro se) would retain new counsel. (ECF No. 68.)

On March 5, 2019—the day before the status conference—a notice of appearance was entered by Jeffrey Setness, Esq., on behalf of No. 8 Mine and Tackett. (ECF No. 71.)

After hearing from counsel for the parties at the March 6, 2019, status conference, the court finds it is appropriate to enter a temporary restraining order to maintain the status quo given the exigent circumstances raised in the motion for preliminary injunction, and the fact that No. 8 Mine and Tackett just retained counsel and have not yet had a chance to respond to the motion for preliminary injunction. In addition, counsel represented to the court at the status conference that there is a possibility they will be able to reach a stipulation as to the terms of a preliminary injunction.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the

court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

Injunctive relief is an "extraordinary and drastic remedy" that is "never awarded as a right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). This motion requires the court to determine whether Eljen has established the following: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in Eljen's favor; and (4) injunctive relief is in the public interest. *Id*. at 20 (citations omitted). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary

injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

The court finds Eljen has met its burden for entry of a temporary restraining order prohibiting No. 8 Mine and Tackett from dispossessing No. 8 turquoise and bars of silver currently in their possession. The court will now discuss the bases for its decision.

First, the evidence submitted by Eljen establishes a likelihood of success on the merits. The evidence suggests that No. 8 Mine and Tackett did not meet their obligation to pay the full purchase price for the No. 8 turquoise. To the extent the parties subsequently contemplated the payment of the obligation through delivery of silver bars from Argent Asset Group, LLC, full payment was not made. The parties are advised that this does not constitute a final decision on the merits, but instead, the evidence submitted by Eljen in support of its motion indicates a likelihood of success on the merits and weighs in favor of the entry of a temporary restraining order.

Second, the court finds Eljen is likely to suffer irreparable harm in the absence of temporary relief. Eljen presented evidence that Clearwater Partners, LLC, (Tackett's uncle, Chris Clark, is asserted to be a principal) filed suit against No. 8 Mine, Tackett and his wife, in the United States

4

District Court for the Western District of Washington, case no. 2:19-cv-00011-LJR. On February 19, 2019, the Western District of Washington entered a default judgment against No. 8 Mine, and David and Kristin Tackett. Eljen has also provided evidence of the relationship between Tackett and Clark which suggests Clark/Clearwater Partners, LLC, was involved in the transactions related to the No. 8 turquoise and silver bars at issue here. Given the entry of default in that case when No. 8 Mine and Tackett are actively involved in litigation in the District of Nevada, and text message evidence that Tackett discussed filing bankruptcy as a means to avoid contractual obligations, Eljen has adequately established a likelihood that it would be left without recourse if No. 8 Mine/Tackett were to transfer, sell or otherwise dispossess the No. 8 turquoise and silver bars in their possession. Therefore, this factor weighs in favor of entry of a temporary restraining order.

Third, the balance of the equities weighs in favor of Eljen. Entry of a temporary restraining order will merely require No. 8 Mine and Tackett to maintain the status quo while preserving Eljen's rights until the parties either stipulate to a preliminary injunction or the court holds a hearing and enters an order on the motion for preliminary injunction.

Finally, a temporary restraining order is in the public interest. If the subject matter of this litigation—the No. 8 turquoise and silver bars—were dispossessed while the case is still pending, it would have an adverse effect on this litigation and the court's ability to fairly adjudicate this action. Additionally, a temporary restraining order appears to be in the interest of other parties involved in litigation in this district over No. 8 turquoise, which is alleged to potentially involve the No. 8 turquoise at issue in this case. *See Harrington v. Tackett*, 3:18-cv-00028-WGC.

///

///

5

In sum, the *Winter* factors all weigh in favor of entry of a temporary restraining order.

"The court may issue a preliminary injunction or temporary restraining order only if the movant gives security *in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.*" Fed. R. Civ. P. 65(c), emphasis added. "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any.*'" *Johnson v. Couturier,* 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday,* 320 F.3d 906, 918 (9th Cir. 2003)) (emphasis original). "'The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*

The court will not require Eljen to give security at this time. The court does not perceive a risk of monetary loss to No. 8 Mine or Tackett in having to maintain the status quo pending a stipulation on a preliminary injunction by the parties or the disposition of the motion for preliminary injunction after No. 8 Mine and Tackett have a chance to respond and the court holds a hearing.

### III. CONCLUSION

No. 8 Mine, LLC, David Tackett, as well as their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them that have notice of this order, are restrained from dispossessing the No. 8 turquoise and silver bars in their possession until further order of the court (which will occur either when the parties stipulate to a proposed injunction, or there is a hearing and disposition of the motion for preliminary injunction).

No. 8 Mine and Tackett have until **March 15, 2019**, to file a response to the motion for preliminary injunction. Eljen has until **March 22, 2019**, to file a reply brief. If the parties reach a

stipulation as to the preliminary injunction, it should be filed forthwith. In the event the parties do not stipulate to the terms of a preliminary injunction, the court will set a hearing on the motion for preliminary injunction as soon as is practicable after briefing is complete.

**IT IS SO ORDERED**.

Dated: March 11, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE