**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NO. 8 MINE, LLC,<br><br>    Plaintiff,<br>v.<br><br>THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE, AND STEVE HARPER,<br><br>    Defendants. | Case No.: 3:18-cv-00104-WGC<br><br>**ORDER** |
| THE ELJEN GROUP, LLC, *et al.*,<br><br>    Counter-Plaintiffs,<br>v.<br><br>NO. 8 MINE, LLC,<br><br>    Counter-Defendant. | |
| THE ELJEN GROUP, LLC, *et al.*,<br><br>    Third Party Plaintiffs,<br>v.<br><br>DAVID TACKETT, ARGENT ASSET GROUP, LLC, and ROBERT HIGGINS,<br><br>    Third Party Defendants. | |

Defendants/counter-plaintiffs/third party plaintiffs the Eljen Group, LLC, Elven E. Jennings, Jack Elkins, Frank Lente, and Steve Harper (the Eljen parties) filed a Motion for an Order to Show Cause and for Sanctions against No. 8 Mine, LLC and David Tackett. (ECF No. 152.) No. 8 Mine and Tackett did not file a response to that motion. On April 20, 2020, the court granted the motion insofar as it issued an order to show cause for No. 8 Mine/ Tackett to address: (1) why No. 8 Mine and Tackett failed to reimburse the Eljen parties the sum

of $1,721.68 in accordance with the court's March 5, 2020 order granting the Eljen parties' motion to compel; (2) why sanctions should not be imposed for the failure to comply with the court's order, including dismissal of No. 8 Mine's Second Amended Complaint and Tackett's Counterclaim (ECF No. 107), and striking their answer to the Eljen parties First Amended Counterclaim/Third Party Complaint (ECF No. 60). No. 8 Mine and Tackett were given until April 27, 2020 to file their response to the order to show cause. (ECF No. 154.) As of the date of this Order, no response has been filed.

The Eljen parties also filed a second motion to compel (ECF No. 153), but No. 8 Mine/ Tackett also failed to respond to that motion. The parties also have filed motions for partial summary judgment. (ECF Nos. 137, 157.)

The court issues this Order: (1) dismissing third party defendants Robert Higgins and Argent Asset Group, LLC without prejudice; (2) granting the second motion to compel; (3) dismissing No. 8 Mine's Second Amended Complaint and Tackett's Counterclaim (ECF No. 107), and striking No. 8 Mine's and Tackett's answer to the Eljen parties First Amended Counterclaim/ Third Party Complaint (ECF No. 60)[1]; (4) denying the outstanding motions for partial summary judgment (ECF Nos. 137, 157) as moot; (5) vacating the joint pretrial order deadline; and (6) requiring the Eljen parties to submit a document identifying the counterclaims/third party claims against No. 8 Mine/Tackett with which they wish to proceed to judgment, and specify the amount of damages they claim they are have suffered as a result, with

---

[1] The Eljen parties actually filed a Second Amended Answer, Counterclaims and Third Party Claims (ECF No. 112) in response to No. 8 Mine's Second Amended Complaint and Tackett's Counterclaims. No. 8 Mine/Tackett never filed a response to the Second Amended Counterclaims and Third Party Claims; however, the court will still strike No. 8 Mine's/Tackett's answer to the First Amended Counterclaim/Third Party Complaint, but No. 8 Mine/Tackett currently have no defenses on record with respect to the Eljen parties' operative pleading.

a supporting explanation and evidence for the amounts. No. 8 Mine/Tackett will be allowed to file a response, and the Eljen parties may file a reply.

## I. BACKGROUND

The Second Amended Complaint/Counterclaim concerns an alleged agreement among Tackett/No. 8 Mine and the Eljen parties for No. 8 Mine/Tackett to purchase 216,000 pounds of No. 8 turquoise from storage facilities in Crescent Valley, California, and Reno, Nevada, as well as some 64,000 pounds of No. 8 turquoise from a storage facility in Winnemucca, Nevada. No. 8 Mine/Tackett assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, civil conspiracy, intentional interference with prospective economic advantage, unjust enrichment, fraud, negligent misrepresentation, and declaratory relief. (ECF No. 107.)

The Eljen parties deny No. 8 Mine/Tackett's claims and assert counterclaims against No. 8 Mine and third party claims against Tackett, as well as third party claims against Argent Asset Group, LLC, and Robert Higgins. The counterclaims/third party claims against No. 8 Mine/Tackett include: declaratory and injunctive relief; unjust enrichment; fraud; breach of contract (in the alternative); violation of the injunction in 3:07-cv-230-LRH-RAM; conversion; elder abuse; and breach of the promise to deliver silver.  They also include alter ego allegations as to Argent and Higgins. The third party claims against Argent Asset Group, LLC and Robert Higgins include breach of contract (third party beneficiary) and deceptive trade practice. (ECF No. 112.)

No. 8 Mine's complaint was originally removed from state court. (ECF No. 1.) The original complaint was filed on behalf of No. 8 Mine by Rendal B. Miller, Esq. (ECF No. 1-1 at 8.) On March 28, 2018, a notice of association of counsel was filed by Nathan J. Aman, Esq.,

and Jeremy B. Clarke, Esq., of Fahrendorf, Viloria, Oliphant & Oster, LLC, on behalf of No. 8 Mine and Tackett. (ECF No. 15.) Mr. Miller disassociated from the case on April 24, 2018. (ECF No. 23.) On December 28, 2018, Mr. Aman and Mr. Clarke filed a motion to withdraw as counsel of record for No. 8 Mine/Tackett (ECF No. 63), and the court granted the motion at a hearing on February 4, 2019 (ECF No. 68). The court set a status conference for March 6, 2019, to determine how No. 8 Mine/Tackett would proceed, and the court explained that a limited liability company cannot represent itself. (ECF No. 68 at 3-4.)

On February 16, 2019, the Eljen parties filed a motion for preliminary injunction. (ECF No. 69.)

On March 5, 2019, Jeffrey Blaine Setness, Esq., entered an appearance on behalf of No. 8 Mine/Tackett. (ECF No. 71.)

At a hearing on March 6, 2019, the court indicated that a temporary restraining order (TRO) was appropriate until there was a disposition of the motion for preliminary injunction, and issued the formal TRO on March 11, 2019. (ECF Nos. 73, 74.) The TRO precluded No. 8 Mine/Tackett from dispossessing the No. 8 turquoise and silver bars in their possession until further order of the court. (ECF No. 74.)

No. 8 Mine/Tackett subsequently filed a motion to consolidate this case with case 3:18-cv-00028-WGC, which involves claims by Daniel and Pamela Harrington and Nightwatch Marine, LLC, against Tackett, for breach of contract related to the sale of approximately 130,000 pounds of turquoise ore. (ECF No. 81.) The court granted the motion insofar as the cases were consolidated for the limited pretrial purpose of determining the ownership of the 130,000 pounds of turquoise acquired by the Harringtons through discovery and dispositive motions. (ECF No. 95.)

4

On August 7, 2019, the parties stipulated to a preliminary injunction that No. 8 Mine/Tackett, the Eljen parties, and the Harringtons/Nightwatch shall not dispossess any of the No. 8 turquoise or silver bars in dispute in the two cases until further order of the court. (ECF Nos. 104, 105.)

No. 8 Mine/Tackett filed their Second Amended Complaint/Counterclaims on August 29, 2019. (ECF No. 107).

The Eljen parties filed their Second Amended Answer, Counterclaims, and Third Party Claims on September 20, 2019. (ECF No. 112.)

Argent Asset Group and Higgins were served with the Eljen parties' First Amended Answer, Counterclaims, and Third Party Claims on October 15, 2018. (ECF Nos. 61, 62.) The Eljen parties' counsel, Michael Carrico, Esq., certifies that the Second Amended Answer, Counterclaims, and Third Party Claims were sent to all counsel of record via CM/ECF. (ECF No. 112 at 33.) Argent Asset Group and Higgins, despite being served with the First Amended Answer, Counterclaims, and Third Party Claims, never appeared in this case, and do not have counsel of record. Therefore, it does not appear that they were ever served with the Second Amended Answer, Counterclaims, and Third Party Claims. Prior to filing the Second Amended Answer, Counterclaims, and Third Party Claims, the Eljen parties had not moved for clerk's entry of default. They did file a notice on July 26, 2019, that Robert Higgins filed for bankruptcy protection. (ECF No. 102.) Since it does not appear that Argent Asset Group, LLC or Higgins were ever served with the Second Amended Answer, Counterclaims, and Third Party Claims, and because the Eljen parties have not taken action with respect to these parties, they will be dismissed from this action without prejudice.

On September 13, 2019, Mr. Setness filed a motion to withdraw as counsel for No. 8 Mine/Tackett. (ECF No. 110.) The court granted the motion at a hearing on October 4, 2019, and gave Tackett/No. 8 Mine until November 4, 2019, to secure new counsel. (ECF No. 123.)

On October 16, 2019, the parties filed a stipulation resolving the consolidated issue of ownership of the turquoise ore which term innated consolidation of the two cases. In short, the Eljen parties withdrew their claim of ownership of the 130,000 pounds of turquoise ore at issue in the Harrington case. (ECF Nos. 126, 127.)

On November 12, 2019, Stephen M. Dixon, Esq., entered a notice of appearance on behalf of No. 8 Mine/Tackett. (ECF No. 130.) The court set a status conference for December 6, 2019 (ECF No. 131); however, on December 5, 2019, Mr. Dixon filed a motion to withdraw as counsel for No. 8 Mine/Tackett (ECF No. 132). At the December 6, 2019, status conference the court extended the scheduling order deadlines (ECF No. 134), and on January 6, 2020, granted Mr. Dixon's motion to withdraw, giving No. 8 Mine/Tackett until February 10, 2020, to obtain new counsel. With respect to No. 8 Mine, the court again cautioned that a failure to find replacement counsel would likely result in dismissal of this action. (ECF No. 135.)

On January 9, 2020, the Eljen parties filed a motion to compel production of communications between Tackett and Paul Sugar, Jr. or Sr. (ECF No. 136.)

The Eljen parties also filed a motion for partial summary judgment on January 23, 2020. (ECF No. 137.)

On January 24, 2020, the court issued an order to show cause as No. 8 Mine had not yet indicated to the court that it had obtained replacement counsel as previously ordered. The court set a hearing on this issue for February 10, 2020, cautioning that a failure to enter an appearance

of counsel on behalf of No. 8 Mine before the hearing would result in the court striking No. 8 Mine's Second Amended Complaint. (ECF No. 138.)

On February 9, 2020, Mitchell L. Posin, Esq., entered a notice of appearance on behalf of No. 8 Mine and Tackett. (ECF No. 140.) At the February 10, 2020, hearing on the order to show cause, the court explained to Mr. Posin that previous attorneys for No. 8 Mine and Tackett withdrew as counsel due to non-payment of fees, which caused many delays in this case. The court advised Mr. Posin that it would not favorably receive a motion to withdraw for non-payment of fees and that Mr. Posin would "remain in this case for the duration," and Mr. Posin indicated his understanding. The court ordered No. 8 Mine/Tackett to file a response to the outstanding motion to compel by February 14, 2020, and to file a response to the motion for partial summary judgment by March 31, 2020. (ECF No. 141.)

No. 8 Mine/Tackett failed to file a response to the motion to compel. On February 21, 2020, the court entered an order granting the motion to compel filed by the Eljen parties. (ECF No. 143.) The Eljen parties requested an award of attorney's fees under Federal Rule of Civil Procedure 37 as prevailing parties on the motion to compel. The court gave plaintiff/counter-defendant No. 8 Mine, LLC and third party defendant David Tackett until February 28, 2020, to file a response to the request for attorney's fees. (*Id*.) No response was filed.

No. 8 Mine/Tackett did file a response to the motion for partial summary judgment on February 24, 2020. (ECF No. 144.)

On February 27, 2020, the Eljen parties filed an emergency motion to take Tackett's deposition beyond the discovery cutoff deadline, because they had been trying to arrange it since August of 2019, but were delayed in getting it scheduled due to the repeated withdrawal of

Tackett's counsel. It was further noted that the Eljen parties' counsel sent Tackett's latest counsel a proposed stipulated order to allow the deposition to take place after the discovery deadline, but counsel did not respond. In addition, a telephone message was left for Mr. Posin, but a return call was not received. (ECF No. 145.) The court granted the motion. (ECF No. 146.)

Having failed to file a response to the motion to compel or request for fees related to the motion to compel, on March 5, 2020, the court ordered No. 8 Mine/Tackett to collectively reimburse the Eljen parties in the sum of $1,721.68 on or before March 31, 2020. No. 8 Mine/Tackett were advised that if they failed to timely do so they risked having their action against the Eljen parties dismissed. (ECF No. 148.)

On March 31, 3030, Mr. Posin filed a stipulation and proposed order to continue the dispositive motions deadline and deadline to file the joint pretrial order due to the recent COVID-19 pandemic. (ECF No. 150.) The court approved the stipulation. (ECF No. 151.)

On April 3, 2020, (ECF Nos. 152, 152-1 to 152-4), the Eljen parties filed a motion for an order to show cause for sanctions against No. 8 Mine/Tackett for failing to comply with the court's order to pay them $1,721.68.

In addition, the Eljen parties assert that No. 8 Mine/Tackett failed to produce responsive communications between No. 8 Mine/Tackett and the Harringtons that the Eljen parties subsequently were alerted to through a motion for summary judgment filed in the *Harrington* case, 3:18-cv-00028-WGC. They acknowledge that a motion to compel is not necessary since the Eljen parties are in possession of the subject communications by virtue of the *Harrington* motion for summary judgment; however, they assert that they were prejudiced in not being able to use this information in connection with their motion for partial summary judgment in this case. They ask the court to accept into evidence the communications as additional support for the Eljen

parties' motion for partial summary judgment. The court allowed them to supplement their motion with respect to this issue.

On April 20, 2020, the court issued an order granting in part the motion for an order to show cause, ordering No. 8 Mine and Tackett to file a document on or before April 27, 2020, showing cause as to: (1) why they failed to reimburse the Eljen parties the sum of $1,721.68 in accordance with the court's March 5, 2020 order; and (2) why sanctions should not be imposed for the failure to comply with the court's order, that may include dismissal of No. 8 Mine's Second Amended Complaint/Tackett's Counterclaim, and striking their answer to the Eljen parties First Amendment Counterclaim/Third Party Complaint. (ECF No. 154.)

No. 8 Mine/Tackett did not file a response to order to show cause.

On April 7, 2020, the Eljen parties filed a second motion to compel, or alternatively, a motion for an order to show cause. They request an order compelling No. 8 Mine/Tackett to disclose information regarding the sale of 181 silver bars received from Argent Asset Group, LLC; provide text messages between David Tackett and Steve Tackett; make available for inspection the originals of the contract documents in dispute; produce documents related to implementation of the June 16, 2017 joint venture agreement; and if they refused to do so, issue an order to show cause as to why they should not be held in contempt. (ECF No. 153.) No. 8 Mine/Tackett did not file a response to this motion to compel.

Despite the fact that they could not be burdened to file a response to either motion to compel, to file a response to the motion ordering them to reimburse the Eljen parties for their fees spent on the successful motion to compel, to file a response to the motion for an order to show cause, or file a response to the order to show cause itself, on May 5, 2020, No. 8 Mine/Tackett filed their own motion for partial summary judgment. (ECF No. 157.)

For the reasons set forth below, the third party claims against Higgins and Argent will be dismissed without prejudice; the outstanding motion to compel is granted; No. 8 Mine/Tackett's Second Amended Complaint and Counterclaims are dismissed; No. 8 Mine and Tackett's answer to the Eljen parties' First Amended Counterclaim and Third Party Complaint is stricken; the outstanding motions for partial summary judgment are denied as moot; and the joint pretrial order deadline is vacated. The Eljen parties shall submit a document identifying the counterclaims/third party claims against No. 8 Mine/Tackett on which they wish to proceed to judgment, and specify the amount of damages they claim they are have suffered as a result, with a supporting explanation and evidence for the amounts. No. 8 Mine/Tackett will be allowed to file a response, and the Eljen parties may file a reply.

## II. DISCUSSION

**A. Higgins and Argent Asset Group, LLC**

Third party defendants Argent Asset Group and Higgins were served with the Eljen parties' First Amended Answer, Counterclaims, and Third Party Claims on October 15, 2018. (ECF Nos. 61, 62.) They did not enter an appearance, file an answer or otherwise respond to the Eljen parties' pleading. The Eljen parties took no action to pursue clerk's entry of default. On July 26, 2019, over nine months after they were served, the Eljen parties filed a notice that Robert Higgins had filed for bankruptcy protection. (ECF No. 102.)

The Second Amended Answer, Counterclaims, and Third Party Claims was filed on September 20, 2019. (ECF No. 112.) The Eljen parties' counsel, Michael Carrico, Esq., certifies that the Second Amended Answer, Counterclaims and Third Party Claims was sent to all counsel of record via CM/ECF. (ECF No. 112 at 33.) Argent Asset Group and Higgins, despite being served with the First Amended Answer, Counterclaims, and Third Party Claims, never appeared

in this case, and do not have counsel of record. Therefore, it does not appear they were ever served with the Second Amended Answer, Counterclaims, and Third Party Claims. Prior to filing the Second Amended Answer, Counterclaims, and Third Party Claims, the Eljen parties had not moved for clerk's entry of default.

Since it does not appear that Argent Asset Group, LLC or Higgins were ever served with the Second Amended Answer, Counterclaims, and Third Party Claims, dismissal without prejudice of Argent Asset Group, LLC, and Higgins is appropriate under Federal Rule of Civil Procedure 4(m).

In addition, the court finds it appropriate to dismiss Robert Higgins and Argent Asset Group, LLC, without prejudice, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) (trial court has inherent power to sua sponte dismiss for failure to prosecute); *Anderson v. Hughes Helicopters, Inc.*, 865 F.2d 263 (9th Cir. 1988). The court's ability to manage its docket, the public interest in expeditious resolution of cases weigh in favor of this result. There will be no prejudice to the Eljen parties as they have not taken any action with respect to these defendants since they were served, and the dismissal is without prejudice. The policy favoring disposition of cases on the merits also weighs in favor of dismissal without prejudice (as opposed to dismissal with prejudice).

**B. The Eljen Parties' Second Motion to Compel (ECF No. 153)**

The Eljen Parties filed a second motion to compel No. 8 Mine/Tackett to: (1) disclose information regarding the sale of 181 silver bars received from Argent Asset Group, LLC; (2) produce text messages between David Tackett and Steve Tackett; (3) make available for inspection the originals of the contract documents in dispute; (4) produce documents relating to

11

implementation of the June 16, 2017 Joint Venture Agreement. No. 8 Mine/Tackett failed to file a response to the motion.

"The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Therefore, the Eljen parties' second motion to compel (ECF No. 153) is granted. It is up to the Eljen parties' whether they still find compliance with the order necessary in light of the court's conclusions in this order; however, No. 8 Mine/Tackett's conduct necessitated the filing of the motion in the first place; therefore, if they chose to do so, the Eljen parties are permitted to file a motion requesting reimbursement of fees incurred in connection with the motion. No. 8 Mine/Tackett may file a response, and the Eljen parties may file a reply.

**C. Sanctions**

   **1. Rule 37**

The court granted the Eljen parties' first motion to compel under Federal Rule of Civil Procedure 37(a)(3), and awarded the payment of fees incurred in connection with the motion under Rule 37(a)(5)(A).

   If a party:

> fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or form introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part;

    (vi) rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

  "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

  No. 8 Mine/Tackett have failed to obey an order under Rule 37(a)—that they pay the Eljen parties' fees incurred in filing the successful motion to compel. Then the court ordered them to show cause as to why the funds were not reimbursed. They also failed to respond to the order to show cause. Therefore, sanctions are appropriate under Rule 37(b)(2)(A) and/or 37(b)(2)(C). Sanctions under this rule include dismissal of an action in whole or in part and the striking of pleadings. The court will discuss below why these harsh sanctions are appropriate in this case. *See National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640-43 (1976) (courts have considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery duties); *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (citation omitted) (noting that in considering whether dismissal or default is appropriate under Rule 37, the court shall consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of

prejudice to the party seeking sanctions; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions).

### 2. Local Rule 1A 11-8

In addition, Local Rule 1A 11-8 governs sanctions in the District of Nevada, and also provides that the court may impose *any and all appropriate sanctions* on an attorney or party who fails to comply with an order of the court, after giving the party or attorney notice and an opportunity to be heard. LR 1A 11-8(e).

Not only did No. 8 Mine/Tackett fail to respond to the order requiring them to reimburse the Eljen parties' for the fees incurred in connection with the successful motion to compel, but they then failed to respond when the court ordered them to show cause as to why sanctions should not be entered. Therefore, No. 8 Mine/Tackett have failed to comply with at least two orders of the court. This is coupled with their failure to respond to additional filings by the Eljen parties, and then cavalierly file their own motion for partial summary judgment when it suits them.

Therefore, sanctions, including dismissal and striking of pleadings, are appropriate under Local Rule 1A 11-8(e).

### 3. The Court's Inherent Power

Moreover, a federal district court has inherent authority to sanction conduct abusive of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991).

Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *see also Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions. *See In re Girardi,* 611 F.3d 1027, 1061 (9th Cir. 2010); *Gomez v.*

14

*Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink*, 239 F.3d at 994. Mere negligence or recklessness alone will not suffice. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009). Thus, "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994.

Inherent power sanctions may be imposed against attorneys, clients, and pro se litigants. *Aleyska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975). The court's "inherent power 'extends to a full range of litigation abuses.'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47).

"[O]utright dismissal of a lawsuit … is a particularly severe sanction, yet is within the court's discretion." *Chambers*, 501 U.S. at 45 (citation omitted).

When a party seeks dismissal as a sanction, the court must weigh five factors before imposing such a sanction: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). These are the same factors that are relevant to consideration of dismissal under Rule 37, discussed above.

The public has an interest in expeditious resolution of litigation, and the conduct of No. 8 Mine/Tackett throughout most of this litigation has not furthered that goal. Instead, No. 8 Mine/Tackett have shown little interest in fulfilling discovery obligations or complying with court orders. In addition, No. 8 Mine/Tackett have needlessly delayed the expeditious resolution of this case on numerous occasions. They have had five different attorneys/law firms in this case. Each previous attorney withdrew due to non-payment and/or ineffective communication, which

resulted in months of delays while No. 8 Mine/Tackett attempted to secure substitute counsel. No. 8 Mine/Tackett have failed to respond to motions and court orders, only to file their own motions or even requests for extension of stipulation for continuances of deadlines when it suited them. They have ignored requests to cooperate with discovery, failed to produce discovery, failed to respond to orders compelling discovery, and then failed to respond to requests to take a deposition outside of discovery that was delayed due to the continual withdrawal of their counsel. The public's interest in efficient resolution of cases has been thwarted by No. 8 Mine/Tackett's conduct. Therefore, this factor weighs in favor of imposing sanctions.

This same conduct described above has adversely impacted the court's ability to manage its docket. It is difficult to keep a case on track when the court cannot rely on a party or counsel to respond to motions or orders of the court. The court has had to devote countless hours in attempting to get No. 8 Mine/Tackett to fulfill their obligations under the rules. *See e.g. Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Thus, considerations of judicial economy weigh in favor of imposing sanctions.

The risk of prejudice to the party seeking sanctions is clear. If sanctions are not administered, the Eljen parties will continue to have to needlessly spend time moving to compel No. 8 Mine/Tackett to respond to discovery, to respond to orders compelling discovery, and to otherwise comply with the rules. This factor also weighs in favor of the imposition of sanctions.

The public policy favoring the disposition of cases on their merits weighs against the imposition of dismissal, but this factor does not outweigh the other factors.

Finally, the court will address the availability of less drastic sanctions. The court is not convinced that any less drastic sanction would be effective in gaining No. 8 Mine/Tackett's

1 compliance. They have failed to respond to motions; they have failed to pay monetary sanctions
2 when ordered after they failed to respond to a motion to compel; and, they even failed to respond
3 to the order to show cause as to why sanctions should not be imposed when they were warned
4 that if no response was filed dismissal was a likely result. Instead, when faced with court orders
5 to pay fees to the Eljen parties, another motion to compel, and an order to show cause, No. 8
6 Mine/Tackett did not respond. At the same time, they went ahead with filing their own motion
7 for partial summary judgment, which makes no mention of these issues. In light of this, further
8 monetary sanctions or a contempt order would not be effective. Evidentiary sanctions would
9 likely have the same effect as dispositive sanctions at this point. The failure to respond to
10 motions to compel, to orders imposing sanctions, and to the order to show cause demonstrates a
11 willful disregard for this court's orders that is tantamount to bad faith, and lesser sanctions would
12 be ineffective and insufficient to address this behavior. Moreover, No. 8 Mine/Tackett have been
13 given multiple opportunities to comply with the court's orders and explain their deficient conduct
14 to avoid this specific result, to no avail. In fact, by filing other documents with the court without
15 addressing the orders at issue, they have demonstrated complete indifference to the court's
16 warnings. This type of flagrant disregard of their obligations not only to the court, but to the
17 other parties to this case, justifies these sanctions.

18       Therefore, the court finds that the majority of the factors weigh in favor of imposing
19 sanctions, and that the appropriate sanctions are dismissal of No. 8 Mine/Tackett's Second
20 Amended Complaint and Counterclaims, and striking their answer to the Eljen parties' First
21 Amended Counterclaims and Third Party Claims. The court strike's the answer to the First
22 Amended Counterclaim and Third Party Claims as the last pleading filed in response to the Eljen
23 parties' claims; however, the court points out that No. 8 Mine/Tackett did not ever file an answer

or otherwise respond to the Eljen parties' Second Amended Counterclaims and Third Party Claims, so they currently have no defenses on record as to the operative pleading.

**4. Conclusion**

In conclusion, the court finds that dismissal of No. 8 Mine/Tackett's Second Amended Complaint/Counterclaims (ECF No. 107) as well as striking their answer to the Eljen parties' First Amended Counterclaim/Third Party Complaint (ECF No. 60) is appropriate under Rule 37, Local Rule 1A 11-8(e), as well as the court's inherent power.

**D. Outstanding Motions for Partial Summary Judgment and Deadlines**

In light of the court's conclusion that No. 8 Mine/Tackett's Second Amended Complaint/Counterclaim should be dismissed and the answer to the Eljen parties' First Amended Counterclaim/Third Party Complaint should be stricken as a sanction for No. 8 Mine/Tackett's failure to comply with court orders, the outstanding motions for partial summary judgment (ECF Nos. 137, 157) are denied as moot.

In addition, the current joint pretrial order deadline is vacated.

**E. Proceeding to Judgment**

Within 14 days of the date of this Order, the Eljen parties shall submit a document identifying the counterclaims/third party claims against No. 8 Mine/Tackett on which they wish to proceed to judgment, and specify the amount of damages they claim they are have suffered as a result, with a supporting explanation and evidence for the amounts. No. 8 Mine/Tackett will be allowed to file a response, and the Eljen parties may file a reply. To the extent that the Eljen parties' motion for partial summary judgment adequately addresses this topic I, II, III, VI, (and the Eljen parties do not wish to pursue the counterclaims/third party claims not addressed in the motion for partial summary judgment: breach of contract (claim IV), violation of injunction (claim V), and elder abuse (claim VII)), they may simply file a notice to that effect.


# III. CONCLUSION

(1) Robert Higgins and Argent Asset Group, LLC are **DISMISSED WITHOUT PREJUDICE.**

(2) The Eljen parties' motion to compel (ECF No. 153) is **GRANTED**. If they chose to do so, on or before **May 22, 2020,** the Eljen parties may file a motion requesting reimbursement of fees incurred in connection with this motion to compel under Rule 37. Any response is due by **June 5, 2020**, and any reply is due on or before **June 12, 2020**.

(3) No. 8 Mine's Second Amended Complaint/Tackett's Counterclaim (ECF No. 107) is **DISMISSED**.

(4) No. 8 Mine's and Tackett's Answer to the Eljen parties' First Amended Counterclaim/Third Party Complaint (ECF No. 60) is **STRICKEN.**

(5) The outstanding motions for partial summary judgment ECF Nos. 137, and 157) are **DENIED AS MOOT**, and the joint pretrial order deadline is **VACATED**.

(6) On or before **May 22, 2020**, the Eljen parties shall submit a document identifying the counterclaims/third party claims against No. 8 Mine/Tackett on which they wish to proceed to judgment, and specify the amount of damages they claim they are have suffered as a result, with a supporting explanation and evidence for the amounts; or, indicate that their motion for partial summary judgment at ECF No. 137 adequately reflects this information. If they file a new document, No. 8 Mine/Tackett may file a response on or before **June 5, 2020**. Any reply is due on or before **June 12, 2020.**

**IT IS SO ORDERED**.

Dated: May 7, 2020

_____
William G. Cobb
United States Magistrate Judge

19