UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NO. 8 MINE, LLC, | |
| Plaintiff, | Case No.: 3:18-cv-00104-WGC |
| v. | |
| THE ELJEN GROUP, LLC, ELVEN E. JENNINGS, JACK ELKINS, FRANK LENTE, AND STEVE HARPER, | **ORDER** Re: ECF No. 162 |
| Defendants. | |
| THE ELJEN GROUP, LLC, *et al.*, | |
| Counter-Plaintiffs, | |
| v. | |
| NO. 8 MINE, LLC, | |
| Counter-Defendant. | |
| THE ELJEN GROUP, LLC, *et al.*, | |
| Third Party Plaintiffs, | |
| v. | |
| DAVID TACKETT, ARGENT ASSET GROUP, LLC, and ROBERT HIGGINS, | |
| Third Party Defendants. | |

Defendants/counter-Plaintiffs/third party plaintiffs the Eljen Group, LLC, Elven E. Jennings, Jack Elkins, Frankte Lente and Steve Harper (the Eljen parties) have filed a motion for attorney's fees in relation to their second motion to compel. (ECF No. 162.)

**I. BACKGROUND**

The Eljen parties filed a motion to compel plaintiff/counter-defendant No. 8 Mine, LLC and third party defendant David Tackett to: (1) disclose information regarding the sale of 181

silver bars received from Argent Asset Group, LLC; (2) produce text messages between David Tackett and Steve Tackett; (3) make available for inspection the originals of the contract documents in dispute; and (4) produce documents relating to implementation of the June 16, 2017 Joint Venture Agreement. (ECF No. 153). No. 8 Mine, LLC and Tackett failed to file a response to the motion.

On May 7, 2020, the court issued an other that, *inter alia*, granted the motion and advised that the Eljen parties were permitted to file a motion requesting reimbursement of the fees incurred in connection with the motion. No. 8 Mine/Tackett were permitted to file a response, and the Eljen parties could file a reply. (ECF No. 160 at 12, 19.)

On May 22, 2020, the Eljen parties filed their motion for attorney's fees in the amount of $1,2014.41 incurred in connection with filing the second motion to compel. (ECF No. 162.)

No. 8 Mine and Tackett failed to file a response.

## II. DISCUSSION

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must so order unless the moving party did not attempt to resolve the discovery dispute in good faith prior to filing the motion, or if the opposing party's failure to disclose was substantially justified or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, No. 8 Mine and Tackett did not oppose the second motion to compel, and therefore, the court granted the motion and the Eljen parties filed their motion for attorney's fees incurred in filing the motion to compel. No. 8 Mine and Tackett also failed to oppose the motion for fees.

Having been given an opportunity to be heard and failing to take advantage of that opportunity, and in the absence of any evidence that the nondisclosure was substantially justified or that other circumstances make the award of expenses unjust, the court finds that the motion for fees is appropriately granted. The court has reviewed the hourly rate for Mr. Carrico and the associated billing records and finds them to be reasonable.

### III. CONCLUSION

The Eljen parties' motion for attorney's fees (ECF No. 162) is **GRANTED**. No. 8 Mine and Tackett have **30 days** from the date of this Order to pay the Eljen parties the sum of $2,101.41, for the attorney's fees incurred in filing the second motion to compel.

**IT IS SO ORDERED**.

Dated: October 1, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge