# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NO. 8 MINE, LLC, | Case No.: 3:18-cv-00104-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 223 |
| THE ELJEN GROUP, LLC, et. al., | |
| Defendants | |

THE ELJEN GROUP, LLC, et. al.

    Counter-Plaintiffs

v.

NO. 8 MINE, LLC

    Counter-Defendant

THE ELJEN GROUP, et. al.,

    Third Party Plaintiffs

v.

DAVID TACKETT, et. al.,

    Third Party Defendants

Before the court is the Eljen Parties' Motion for Immediate Registration of [Renewed] Judgments in Other Districts Pursuant to 20 U.S.C. § 1963. (ECF Nos. 223, 223-1, 223-2.) Tackett filed a response. (ECF Nos. 226, 231.)[1] The Eljen Parties filed a reply. (ECF No. 227.)

---

[1] The response initially filed, ECF No. 226, did not contain the attachments, and ECF No. 231 contains the attachments.

The court entered three judgments against No. 8 Mine, LLC and David Tackett on October 26, 2020. (ECF Nos. 177, 178, 179.) The court subsequently granted the Eljen Parties' motion to immediately register the judgments in other districts. (ECF No. 182.)

On July 7, 2021, the court entered an order granting Tackett relief under Rule 60 to allow the late filing of a notice of appeal by vacating the October 26, 2020 judgments and ordering the Clerk to re-enter the judgments. (ECF No. 219.) The Clerk re-entered the judgments on July 7, 2021. (ECF Nos. 220, 221, 222.)

The Eljen Parties now request that the court allow them to immediately register the re-entered judgments in other districts. (ECF No. 223.)

The court previously found that Tackett works and has assets in Arizona, and that is where the Eljen Parties registered the judgments prior to their being re-entered. The Eljen Parties now assert that the federal court in Arizona issued a writ of garnishment to Tackett's employer, American Bullion & Coin LLC, of which Tackett is the sole member and employee. (ECF No. 211-8, Tackett Depo. at p. 229.) In response to discovery in aid of execution of the judgment, Tackett stated that American Bullion & Coin LLC paid him wages. (ECF No. 211-2, answer to interrogatory 10.) On May 28, 2021, American Bullion & Coin, LLC answered a writ of garnishment and denied it pays continuing wages to Tackett. The Eljen Parties filed an objection, and the Arizona federal court set a hearing and allowed the Eljen Parties to take discovery relating to Tackett's earnings. On July 2, 2021, the Arizona court ordered Tackett/American Bullion & Coin, LLC to show cause why they should not be held in contempt for the failure to comply with the prior court order requiring them to produce discovery related to his earnings. (Ex A.) It also ordered the parties to confer regarding a continued hearing.

The Eljen Parties request immediate registration of the re-entered judgments for the reasons stated in their prior motion and to eliminate potential confusion regarding implementation of the Arizona federal court's orders and scheduling in the pending garnishment proceedings.

In his response, Tackett argues that the motion should be denied because he intends to file an appeal. In their previous motion, in addition to asserting that Tackett had assets in Arizona and not in Nevada, the Eljen Parties argued that Tackett had used money that was to be applied to the purchase price for the turquoise to buy a house in Florida. In his response to the renewed motion, Tackett states that the money was directed toward the purchase of the house at Mr. Jennings' request. Insofar as the Eljen Parties asserted in the previous motion that Tackett diverted over $300,000 worth of silver bars that were supposed to be delivered to Jennings, Tackett responds that this was after he found out that Jennings had re-sold the turquoise stored in Winnemucca.

Tackett acknowledges he has not paid the sanctions imposed against him because of lack of funds, but he disputes that he has ignored the court's order to return the turquoise in the *Harrington* case, 3:18-cv-00028-WGC. The Eljen Parties also previously argued that they had reason to believe that Tackett was dispossessing No. 8 turquoise, because his father was offering it for sale on Facebook. Tackett states that out of the 97 Facebook posts the Eljen Parties refer to, only 37 contain No. 8 turquoise, and the volume of material shown in the posts is very small, and did not come from Tackett and was not part of the material from Jennings, the Harringtons or the Sugars.

Again, 28 U.S.C. § 1963 governs the registration of judgments for enforcement in other districts, and provides that a judgment may be registered by filing a certified copy in any other

1  district "when the judgment has become final by appeal or expiration of the time for appeal *or*

2  *when ordered by the court that entered the judgment for good cause shown.*" 28 U.S.C. § 1963

3  (emphasis added).

4       "Section 1963 thus permits a district court to issue an order certifying a judgment for

5  registration during the pendency of an appeal upon a finding of 'good cause.'" *Columbia*

6  *Pictures Television v. Krypton*, 259 F.3d 1186, 1197 (9th Cir. 2001)

7       Courts that have found good cause to allow a party to register a judgment for

8  enforcement in another district before an appeal or the expiration of the time for an appeal "have

9  generally based their decisions on an absence of assets in the judgment forum, coupled with the

10  presence of substantial assets in the registration forum." *Columbia Pictures*, 259 F.3d at 1197-98

11  (quotation marks and citations omitted). In *Columbia Pictures*, the court found good cause

12  existed for granting the motion to register the judgment in another district where the defendant

13  did not dispute that he lacked assets in the judgment forum, or that he owned substantial property

14  in the state in which the plaintiffs sought to register the judgment. *Id*. at 1198.

15       In its prior order, the court found that Tackett testified that the turquoise in his possession

16  was stored in Arizona, and he lives in Arizona and has several parcels of real estate, and has

17  businesses there. In their reply brief, the Eljen Parties include further evidence that Tackett owns

18  real estate in Arizona, and operates several limited liability companies that are organized in

19  Arizona, one of which is identified as his employer. In addition. Tackett is the trustee and

20  beneficiary of a family trust that acquired property in Arizona. Importantly, in his response,

21  Tackett does not dispute that he has assets in Arizona, or that he does not have assets in Nevada,

22  which is the judgment forum. (ECF No. 227-2, ECF No. 211-2, ECF Nos. 214-2 to 214-6.)

23

1    In sum, the Eljen Parties have demonstrated good cause to allow them to immediately

2 register the renewed judgments in other districts, including Arizona, under 20 U.S.C. § 1983.

3                                          **CONCLUSION**

4    The Eljen Parties' motion (ECF No. 223) is **GRANTED**. The Eljen Parties are

5 authorized to register their renewed judgments (ECF Nos. 220, 221, 222) in other districts,

6 including Arizona, prior to the filing of an appeal or the expiration of the time to file an appeal

7 under 28 U.S.C. § 1963. The Clerk is authorized and directed to certify the judgments at ECF

8 Nos. 220, 221, 222 for registration upon the request of the Eljen Parties. The Eljen Parties may

9 submit the Clerk's form certifying the registration of the judgments in other districts along with a

10 copy of this Order to the other districts where they seek to register the judgments.

11 **IT IS SO ORDERED**.

12 Dated: July 28, 2021

13                                                                    _William G. Cobb_____

14                                                                    William G. Cobb
                                                                      United States Magistrate Judge

15

16

17

18

19

20

21

22

23