UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NO. 8 MINE, LLC,<br><br>   Plaintiff<br><br>v.<br><br>THE ELJEN GROUP, LLC, et. al.,<br><br>   Defendants | Case No.: 3:18-cv-00104-WGC<br><br>**Order**<br><br>Re: ECF No. 187 |
| THE ELJEN GROUP, LLC, et. al.<br><br>   Counter-Plaintiffs<br><br>v.<br><br>NO. 8 MINE, LLC<br><br>   Counter-Defendant | |
| THE ELJEN GROUP, et. al.,<br><br>   Third Party Plaintiffs<br><br>v.<br><br>DAVID TACKETT, et. al.,<br><br>   Third Party Defendants | |

Before the court is the Eljen Parties' Motion for Assignment of Right of Action and Request for Expedited Relief. (ECF No. 187.) Tackett filed a very belated response, which the court has exercised its discretion to consider. (ECF No. 215.) The Eljen Parties filed a reply. (ECF No. 217.)

The Eljen Parties move the court under Federal Rule of Civil Procedure 64 and Nevada Revised Statute (NRS) 21.320 and 21.080(1) for an order assigning to Elven Jennings/The Eljen

Group any right to receive funds to be paid by the Harringtons according to the order of this court entered in the *Harrington v. Tackett* case, 3:18-cv-00028-WGC, ECF No. 124. They seek this subject to any offsets allowed to the Harringtons for transport expenses or sanctions in favor of the Harringtons against Tackett.

In his response, Tackett states that the matter of the return of the ore in the *Harrington* case is still ongoing, and that there are other creditors ahead of the Eljen Parties', including Clearwater Partners LLC, who obtained a $1,742,894.86 judgment against him.

Federal Rule of Civil Procedure 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a).

NRS 21.080 provides that "[a]ll goods, chattels, money and other property, real and personal, of the judgment debtor, or any interest therein of the judgment debtor not exempt by law, and all property and rights of property seized and held under attachment in the action, are liable to execution." NRS 21.080(1).

NRS 21.230 states that the court "may order any property of the judgment debtor not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment."

The Eljen Parties are correct that the court entered an order and judgment in the *Harrington* case, 3:18-cv-00028-WGC, whereby the plaintiffs in that case are entitled to rescission of the contract. As such, the Harringtons are entitled to return of the approximately 130,000 pounds of turquoise ore at issue in that case at Tackett's expense, and in turn they must return the $20,000 down payment Tackett made to them. To date, the Harringtons have not been

able to secure return of the 130,000 pounds of turquoise ore, which would trigger their obligation to return the $20,000 to Tackett. In fact, the court just issued an order finding Tackett in civil contempt of the court's orders in that case, and required him to provide notice of the whereabouts of that turquoise ore by August 11, 2021, or face incarceration until he can purge his contempt. (*See* ECF No. 175 in 3:18-cv-00028-WGC.)

Under NRS 21.230, the court may order that the amount due to the Tackett from the Harringtons be applied toward the satisfaction of the Eljen Parties' judgment. This is subject, of course, to the Harringtons receiving the 130,000 pounds of turquoise ore which will trigger their obligation to return the $20,000. As the Eljen Parties acknowledge, it is also subject to any offsets to which the Harringtons are entitled.

Tackett provides no authority to support his argument that the assignment should not be granted because Tackett has another creditor.

**CONCLUSION**

For the reasons stated above, the Eljen Parties' motion for an assignment of Tackett's right to the amount due Tackett from the Harringtons (ECF No. 187) is **GRANTED,** but this is subject to the Harringtons receiving the 130,000 pounds of turquoise ore at issue in that case which will trigger their obligation to return the $20,000 to Tackett, and is further subject to any offsets from the $20,000 that the Harringtons are entitled.

**IT IS SO ORDERED**.

Dated: July 28, 2021

_____
William G. Cobb
United States Magistrate Judge

3