# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NO. 8 MINE, LLC, | Case No.: 3:18-cv-00104-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 211 |
| THE ELJEN GROUP, LLC, et. al., | |
| Defendants | |
| THE ELJEN GROUP, LLC, et. al. | |
| Counter-Plaintiffs | |
| v. | |
| NO. 8 MINE, LLC | |
| Counter-Defendant | |
| THE ELJEN GROUP, et. al., | |
| Third Party Plaintiffs | |
| v. | |
| DAVID TACKETT, et. al., | |
| Third Party Defendants | |

Before the court is the Eljen Parties' Motion to Compel Discovery in aid of Execution of Judgments. (ECF Nos. 211, 211-1 to 211-10.) Tackett filed a response. (ECF No. 213.) The Eljen Parties filed a reply. (ECF No. 214.)

The Eljen Parties move for an order under Rule 37 compelling responses to the Eljen Parties' first set of discovery in aid of execution of judgments. They seek further responses to interrogatories 1, 4, 5, 6, 8, 9, 10, 11, 13, and requests for production 1-5.

"Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c).

"[T]o 'meet and confer' means to communicate directly and discuss in good faith the issues required under the particular rule or court order…. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f).

"A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." LR IA 1-3(f)(2).

"Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion." LR IA 1-3(f)(4).

The Eljen Parties have not filed a declaration setting forth that they met and conferred with Tackett before filing this motion as required by the above-referenced Local Rules.

As such, the Eljen Parties' motion to compel (ECF No. 211) is **DENIED WITHOUT PREJUDICE**. The Eljen Parties may renew their motion, if necessary, after they have complied with the court's meet and confer requirements.

**IT IS SO ORDERED**.

Dated: July 29, 2021

_____
William G. Cobb
United States Magistrate Judge